**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

PETER GAAL,

    Appellant,

v.                                                          Case No. 8:22-cv-02660-TPB
                                                                Bankr. Case No. 8:20-bk-3522

DOUGLAS N. MENCHISE,

    Appellee.
_____/

**<u>ORDER DISMISSING APPEAL AS MOOT</u>**

This matter comes before the Court on Appellant Peter Gaal's appeal of (1) the "Order Granting Trustee's Motion for Civil Contempt and Sanctions;" (2) the "Order Granting, in Part, Trustee's Expedited Motion to Compel Rule 2004 Examinations;" (3) the "Order Denying Peter Gaal's Expedited Motion for Reconsideration of the Order Granting Chapter 7 Trustee, Douglas N. Menchise's Motion to Compel Rule 2004 Examinations Duces Tecum;" (4) the "Memorandum Opinion on Service of a Subpoena of a Foreign National," and (5) the "Order Granting Chapter 7 Trustee, Douglas N. Menchise's Motion to Compel Rule 2004 Examinations Duces Tecum," filed on November 18, 2022.  (Doc. 1).

Both Gaal and Appellee Douglas Menchise, as Chapter 7 Trustee (the "Trustee") filed appellate briefs (Docs. 14; 18; 26).  After reviewing the briefs and the bankruptcy court record, the Court *sua sponte* raised an issue as to whether this appeal had been rendered moot by Gaal's compliance with the orders underlying the

bankruptcy court's contempt order, and directed the parties to file memoranda on this issue.[1] Gaal filed a memorandum on February 15, 2024 (Doc. 32), and the Trustee filed a memorandum on February 20, 2024 (Doc. 33). Based on a review of the briefs, the parties' memoranda on the mootness issue, the court file, and the record, the Court finds as follows:

## Background

On May 1, 2020, an involuntary Chapter 7 case was initiated against Procom America, LLC, the debtor in the underlying bankruptcy case. Gaal, the debtor's sole owner and CEO, consented to the bankruptcy proceeding and appeared at numerous hearings on behalf of the debtor. It appears that Gaal has lived in the United States, taken out loans in the United States, run the debtor's affairs from the United States, and hired personal counsel in the United States.

The Trustee came to suspect that Gaal had diverted over ten million dollars from the debtor in the year preceding the bankruptcy petition. On April 29, 2021, the Trustee served on Gaal, through Gaal's personal counsel, a subpoena to appear at a Rule 2004 examination. Gaal did not appear, and repeatedly refused to appear, despite the bankruptcy court's orders to do so. Gaal argued that, as a foreign national living abroad, he must receive service under the Hague Convention. On March 21, 2022, the bankruptcy court issued an Order determining that Gaal had been properly served. Gaal appealed that decision to this Court, along with the

---

[1] The Court is permitted to raise the issue of mootness *sua sponte*. *See, e.g., United States v Campbell*, 26 F.4th 860, 873 (11th Cir. 2022).

outstanding Rule 2004 order.  The Court determined that the issue was not ripe for appeal, and dismissed Gaal's appeal.  *See* (Case No. 8:22-cv-00820-TPB, Doc. 7).

On November 12, 2022, after Gaal had failed to comply with the bankruptcy court's order for a year and a half, the bankruptcy court held Gaal in contempt and imposed contempt sanctions in the form of a fine to accrue at a rate of $500 for every day on which Gaal did not appear.  Gaal thereupon appealed (1) the bankruptcy court's ruling that service of process was proper; (2) the bankruptcy court's order compelling Gaal to appear at a Rule 2004 examination; (3) the bankruptcy court's order denying his motion for reconsideration of the order compelling him to appear; and (4) the contempt order.  Gaal also moved in the bankruptcy court for a stay pending appeal.  The bankruptcy court denied the stay motion.  Gaal filed a motion for stay pending appeal in this Court, but the Court agreed with the bankruptcy court and denied Gaal's motion for stay, holding that he had failed to show a likelihood of success on appeal.

On April 5 and April 6, 2023, after briefing had been completed in this appeal, Gaal appeared for the Rule 2004 examination, thereby purging his contempt.[2]  *See* (Bankr. Case No.  8:20-cv-3522, Docs. 553, Exh. A; 577).  Gaal remains subject to fines of $90,500.00 for his failure to appear up to the time he purged himself of contempt.

---

[2] The Court takes judicial notice of the bankruptcy court's docket and records on this point. *See, e.g., United States v. Rey*, 811 F.2d 1453, 1457 (11th Cir. 1987) ("A court may take judicial notice of its own records and the records of inferior courts.").  In their memoranda on the mootness issues, Gaal and the Trustee both agree that Gaal's appearance for the examination purged his contempt.

## Analysis

Under controlling Eleventh Circuit law, a contemnor's compliance with the lower court's underlying order moots any challenge to the validity of a civil contempt order aimed at securing compliance with the underlying order. S*ee In re Grand Jury Subpoena Duces Tecum*, 955 F.2d 670, 671-73 (11th Cir. 1992) ("*In re Grand Jury Subpoena*") ("Once a contemnor has purged his contempt, he sacrifices his ability to challenge the merits of the underlying contempt order, regardless of the type of coercive sanction that was chosen by the district court."); *RES-GA Cobblestone, LLC v. Blake Const. & Dev., LLC*, 718 F.3d 1308, 1314 (11th Cir. 2013) ("In the context of purely coercive civil contempt, a contemnor's compliance with the district court's underlying order moots the contemnor's ability to challenge his contempt adjudication."). In that situation, the only challenge available to the contemnor is a challenge to the amount of the fine imposed.

These cases require dismissal of this appeal. Gaal complied with the bankruptcy court's underlying discovery orders when he appeared for the Rule 2004 examination as ordered, thereby purging his contempt. Gaal's compliance rendered moot his arguments on appeal that challenge to the validity of the bankruptcy court's contempt order. *See In re Grand Jury Subpoena*, 955 F.2d at 671-73. The only appellate issue theoretically available to Gaal with respect to the bankruptcy court's contempt order would have been a challenge to the amount of the fine imposed. *Id*. at 673. Gaal has not raised such a challenge, and that issue is

therefore deemed forfeited.  *See, e.g.*, *United States v Campbell*, 26 F.4th 860, 873 (11th Cir. 2022) (holding that issues not raised in the initial brief are forfeited).

Gaal in his filing on this issue points to cases from other jurisdictions to argue that his appeal is moot only if the Court holds that Gaal's purging himself of contempt extinguished his obligation to pay the contempt fines.  Otherwise, he argues, the appeal remains viable.  In the Court's view, this position is inconsistent with the holding of *In re Grand Jury Subpoena*.  The Trustee argues this appeal is not moot on the ground that Gaal should still be subject to the imposed monetary sanctions, but submits no supporting legal authority and fails to address *In re Grand Jury Subpoena*.  In any event, with Gaal's appeal dismissed, he remains subject to the bankruptcy court's assessment of fines.[3]

Accordingly, it is

**ORDERED**, **ADJUDGED**, and **DECREED**:

1. This appeal is hereby **DISMISSED AS MOOT**.

---

[3] Even if the issue as to the amount of the fine is not technically moot, but merely abandoned, the result would be the same, because the Court would affirm the fine based on Gaal's failure to raise an issue as to its amount. *Cf. In re Grand Jury Subpoena*, 955 F.2d at 671 (noting that the appellant had challenged both the contempt order and the "propriety of the $7000.00 fine," but finding no abuse of discretion by the lower court).  In either event, the result would be the same: the bankruptcy court's order that Gaal pay the accrued fines remains in effect.

2. The Clerk is directed to terminate any pending motions and deadlines and thereafter close this case.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 29th day of February, 2024.

**TOM BARBER**
**UNITED STATES DISTRICT JUDGE**